THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Priority
Send ✓
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-99-12378 CAS (RCx)                May 30, 2000

Title:    PAUL LOGRECCO v. CHUMASH CASINO

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,                                 None present
Deputy Clerk                                   Court Reporter

---

PROCEEDINGS:    (IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS

I.    Introduction

Plaintiff Paul Logrecco filed his complaint on August 13, 1999, in the United States District Court for the Eastern District of California against defendant Chumash Casino[1] and fictitiously named employees of the casino who were allegedly acting within the scope of their employment. The complaint asserts claims for violation of the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq.; two violations of California's Unruh Act, Cal. Civil Code §§ 51, 51.5, 52, 54.1, 54.3 and 54.5; and intentional infliction of emotional distress. Because the events giving rise to plaintiff's complaint took place in Santa Barbara, California, and because the only named defendant is located in Santa Barbara, the court determined that the action should have been filed in the Central District of California. See 28 U.S.C. § 84(c). The case was transferred to this Court on November 29, 1999. Defendant Chumash Casino brings the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6), asserting the doctrine of tribal sovereign immunity.

---

[1] Defendant notes that its correct name is Chumash Casino at Santa Ynez.





II. Standard for motions to dismiss under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority or competence to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y.), aff'd 339 F.2d 823 (2d Cir. 1964) (formal allegations must yield to substance of claim when determining motion to dismiss for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 229-30.

III. Discussion

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 754 (1998). Defendant Chumash Casino argues that it is an unincorporated economic enterprise that is wholly owned and operated by the Santa Ynez Band of Chumash Indians, and is located on the Santa Ynez Indian Reservation which land is held by the United States in trust for the Santa Ynez Band. See Decl. of Gilbert Cash at ¶¶ 3-6. As such, absent Congressional abrogation or waiver of the tribal sovereign immunity, this Court does not have jurisdiction to hear this matter. See Kiowa Tribe, 523 U.S. at 574.

At the hearing on this motion, plaintiff argued that he required an opportunity to conduct discovery to establish the exact nature of the entity operating the casino.² Plaintiff contended that defendant may have waived its sovereign immunity through a charter as a federally recognized corporation pursuant to 25 U.S.C. § 477, and sought to conduct discovery on the issue of whether defendant is organized as such a corporation. The Court granted the request, and continued the hearing for 45 days in order to enable plaintiff to complete any necessary discovery solely with respect to the issue of subject matter jurisdiction.

Plaintiff was ordered to file a supplemental opposition by April 10, 2000. Plaintiff did not file such a supplemental opposition. Plaintiff's counsel appeared at a hearing on April 24, 2000, and requested additional time to complete his discovery. The Court granted plaintiff's request, and ordered that plaintiff file supplemental declarations or a statement of non-opposition to the motion to dismiss no later than May 12, 2000. Plaintiff has not filed a statement of non-opposition or a supplemental opposition to the motion to dismiss.

Consequently, defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

---

² Plaintiff also sought an evidentiary hearing on this issue. The Court found that an evidentiary hearing was unnecessary, given that this case did not present questions of credibility or disputed material facts. Cf. Commodities Export Co. v. United States Customs Service, 888 F.2d 431, 436 (6th Cir. 1989).

S:\Orders\CIVIL\1999\99-12378.3.wpd



3